**MODULAR TECHNICS CORP.,**
**Plaintiff,**

v.

**SOUTH HAVEN HOUSES HOUSING DEVELOPMENT FUND COMPANY, INC., et al., Defendants.**

**No. 74 C 1412.**

United States District Court,
E. D. New York.

Nov. 18, 1975.

Wasserman, Chinits, Geffner & Green, Westbury, N. Y., for plaintiff.

David G. Trager, U. S. Atty. by Douglas J. Kramer, Asst. U. S. Atty., for Govt.

Cravath, Swaine & Moore, New York City, for Chemical Bank.

## OPINION AND ORDER

PLATT, District Judge.

This is an action arising out of a contract between plaintiff, a building contractor, and defendant South Haven Houses Housing Development Fund Company, Inc. Plaintiff agreed to construct certain buildings in Bronx County for South Haven. Defendant Chemical Bank appears to have agreed to loan moneys to South Haven. The federal defendants, the Department of Housing and Urban Development (HUD) and the Federal Housing Administration (FHA), allegedly agreed to insure the loan.

Plaintiff has set out in its complaint eleven causes of action, and apparently seeks judgment against HUD and FHA on five of them. Two causes of action (numbers two and three in the complaint) claim that plaintiff performed certain work, labor, and services and furnished materials at the special instance and request of defendants, and has not received compensation.

The fourth cause of action alleges that FHA represented and warranted that plaintiff could successfully perform its obligations in certain ways; that plaintiff relied on the existence of conditions as warranted; that the conditions were not as warranted; and that, as a result, plaintiff suffered uncompensated losses.

The ninth cause of action suggests that FHA acted as an agent or quasi-agent for South Haven; that FHA represented that certain additional compensation would be paid to plaintiff; that these representations induced plaintiff to enter the contract; that FHA knew extra compensation would not be forthcoming; that HUD and FHA caused, by duress, plaintiff to fail to submit applications for extra compensation; and that plaintiff has thereby been damaged.

The tenth cause of action alleges that FHA was a quasi-agent of South Haven; that FHA knew material facts concerning certain expenses; that FHA by non-disclosure of these facts to plaintiff represented the non-existence of these facts; that plaintiff relied on these representations in deciding to enter the contract; and that plaintiff has been damaged because of the false representations.

Defendants HUD and FHA have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the grounds that sovereign immunity bars this action. The Court agrees, and finds it unnecessary to consider the government's contention that in any event the Secretary of HUD, not HUD or FHA, is the proper party to represent the federal government in a suit of this nature. Nor need we decide whether this suit was properly brought in this Court, see 28 U.S.C. §§ 1346 and 1491.

### I

■ It appears at first blush that plaintiff's fourth, ninth and tenth causes of action speak in tort, not in contract. All three allege that certain representations or warranties were made by representatives of the government; that these representations were false; and that as a consequence of the misrepresentations plaintiff suffered injury. We note at the outset that plaintiff cannot maintain a cause of action in tort against the government under these circumstances.

■ We start with the axiom that the United States as sovereign may not be sued without its consent, *e. g., Honda v. Clark,* 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967); *Keifer & Keifer v. Reconstruction Finance Corp.,* 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939); *Minnesota v. Hitchcock,* 185 U.S. 373, 386, 22 S.Ct. 650, 46 L.Ed. 954 (1902). When consent is given, limitations and conditions upon that consent must be strictly observed, *Honda v. Clark, supra; Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957); *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

The government has waived immunity against some tort claims in the Federal Tort Claims Act. But the Act is of no help to plaintiff, since one section (28 U.S.C. § 2680) exempts from its coverage:

"h). Any claim arising out of . . . misrepresentation, deceit, or interference with contract rights."

If plaintiff's claims are read to speak in tort, they are barred as a consequence of these exceptions to the waiver of immunity, and must be dismisssed.

## II

Perhaps as a consequence of the government's failure to waive tort immunity in misrepresentation cases, plaintiff suggests that all five relevant claims alleged by it actually sound in contract. We proceed to consider whether, under the circumstances of this case, suit for breach of contract will lie against the government.

Plaintiff alleges that the government was a party to the contract between plaintiff and South Haven. That contract set forth the rights and duties of the contractor and the owner in the construction of certain buildings. While neither HUD nor FHA appears on the face of the contract to be a party, plaintiff alleges that government representatives were so intimately linked to the contract that an implied contract between the government and plaintiff resulted. It is this implied contract, according to the plaintiff, that gave rise to duties (for example the duty not to misrepresent) which the government has not fulfilled. Plaintiff further suggests that the government has waived sovereign immunity as to contract claims, and that this action may therefore be maintained.

■ Plaintiff's theory suggests difficult problems of contract law. The Court need not, however, consider these problems. For even if we assume that representatives of the government acted as plaintiff has alleged, the simple fact is that they were not authorized so to act, and Congress has not waived immunity against suits for damages arising from such actions.

In setting forth the powers of the Secretary of HUD in Chapter 13 of Title 12 of the United States Code, Congress provided that

"The Secretary shall, in carrying out the provisions of this subchapter and subchapters II, III, V, VI, VII, VIII, X, IX–A, and IX–B of this chapter be authorized in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1702.

in other words, the Secretary may sue or be sued for actions of his department authorized in the cited subchapters. Sovereign immunity is not waived as to other activities. The question thus is reduced to this: are the activities alleged in the complaint authorized by the cited subchapters?

■ The Court must answer this question in the negative. Congress did provide for insurance of mortgages by HUD in many sections of Title 12. If HUD should fail to live up to a mortgage agreement, the language of 12 U.S.C. § 1702 means that the Department can be sued in the same way any other insurer can be sued. Congress feared that in the absence of such language financial institutions would hesitate to make insured loans, *Korman v. Federal Housing Administrator,* 72 U.S.App.D.C. 245, 113 F.2d 743 (1940); *In re Wilson,* 23 F. Supp. 236 (N.D.Tex.1938).

But the contract for which, according to plaintiff, HUD and FHA should be held responsible is not a mortgage insurance contract. It is instead a contract to construct buildings. The Court can find no part of the relevant subchapters of Title 12 which in any way authorizes any government official to enter into a construction contract. Nor does plaintiff cite any such section; his brief merely refers to "§ 1701 et seq."

Contracts to insure mortgages and contracts to build buildings are of course

very different things. This Court holds that the alleged actions of the federal government's representatives cannot be deemed actions "carrying out the provisions of" the relevant subchapters. Therefore, the government's waiver of sovereign immunity in 12 U.S.C. § 1702 is inapplicable, and this action cannot be maintained.

The Court notes, finally, that a dispute has arisen between the parties as to the import of the injunction of *FHA, Region No. 4 v. Burr,* 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940), that waivers of governmental immunity must be liberally construed. The Supreme Court did not, in that decision, reverse its many holdings that courts must construe strictly the *substantive* areas covered by waivers of sovereign immunity. Courts must still, even after *Burr,* permits suits against the government only for activities that are clearly covered by a waiver. What *Burr* held was that *in an area clearly covered,* courts will liberally construe what *procedural* devices can be employed against the government. In *Burr,* for example, a wage claim against the government was the basis of the suit. In that area, there has been a clear waiver of immunity. The question was, could garnishment of the wages be effected by a creditor of the government employee, and the Court held that it would liberally construe the waiver of immunity (in this clearly covered substantive area) so as to permit the use of this procedural device. Said the Court,

> Clearly the words 'sue and be sued' in their normal connotation embrace all civil process incident to the commencement or continuance of legal proceedings. . . . To say that Congress did not intend to include such civil process [as garnishment] in the words 'sue and be sued' would in general deprive suits of some of their efficacy. 309 U.S. at 245–46, 60 S.Ct. at 490.

It is worthy of note that the Supreme Court's authority for its comment that waivers are to be liberally construed is

*Keifer & Keifer v. Reconstruction Finance Corporation,* 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939), in which the question was again a procedural one, involving whether a tort or a contract label was to be given to a claim against a government agency arising out of agency contracts made "in due exercise of its powers." 306 U.S. at 387, 59 S.Ct. at 517. If the action was denominated a tort action, it would be barred; if it was called a contract action, it would not be. Neither label would have been inappropriate, so the Court chose to allow the suit.

In the case before this Court, of course, we are faced with an action that is barred under either label. The procedural question is not determinative. Here we must define the substantive area to which Congress intended that its waiver of immunity should apply. Congress did not waive immunity as to those unauthorized actions which plaintiff alleges that government employees performed. Nothing in this conclusion is inconsistent with the Supreme Court's opinions in *Burr* and *Keifer.*

In any event, whether waivers are to be construed liberally or strictly, the only possible construction that can be placed on the "sue and be sued" clause of 12 U.S.C. § 1702 is that it does not comprise a waiver of immunity against suits for activities not authorized in the cited subchapters. The doctrine of sovereign immunity may at times work hardship on private individuals, but it is not within the province of this Court to challenge a doctrine so firmly entrenched both in statutory law and in case law.

### III

It follows from the preceding discussion that plaintiff's claims against HUD and FHA cannot be maintained either on a tort theory or on a contract theory, as a consequence of the government's sovereign immunity. Therefore the goverment's motion to dismiss must be granted.

So ordered.