661 F.2d 826
 Albert and Juanita ORTIZ, Plaintiffs-Appellants,
v.
UNITED STATES of America, Department of Agriculture, Farmers
Home Administration; Robert Bergland, in his capacity as
Secretary of Agriculture; Gordon Cavanah, in his capacity as
Administrator of the Farmers Home Administration, United
States Department of Agriculture; David King, in his
capacity as State Director for New Mexico of the Farmers
Home Administration, United States Department of
Agriculture; David Radley, in his former capacity as
District 1 Director, Farmers Home Administration, United
States Department of Agriculture; Tom C. Ramsey,
individually and in his capacity as County Supervisor for
Taos County, New Mexico for the Farmers Home Administration,
United States Department of Agriculture; and Rocky Langley,
individually and in his capacity as Assistant County
Supervisor for Taos County, New Mexico, for the Farmers Home
Administration, United States Department of Agriculture; and
George Visarraga, Defendants-Appellees.
 No. 80-1377.
 United States Court of Appeals,
Tenth Circuit.
 Argued July 13, 1981.
Decided Sept. 2, 1981.
 
 Timothy Meehan, Taos, N. M. (Robert Crollett, Albuquerque, N. M., with him on the brief), for plaintiffs-appellants.
 R. E. Thompson, U. S. Atty., Albuquerque, N. M. (Margo J. McCormick, Asst. U. S. Atty., Albuquerque, N. M., with him on the brief), for defendants-appellees.
 Before BARRETT and LOGAN, Circuit Judges, and CHILSON, District Judge.*
 BARRETT, Circuit Judge.
 
 
 1
 The issue presented in this case is whether a borrower from the Farmers Home Administration for purpose of effecting repairs to a rural residence has any cause of action against the United States and/or its agents under the Federal Tort Claims Act, the Tucker Act or 28 U.S.C.A. § 1337 (which vests jurisdiction in an action arising under an Act of Congress regulating commerce) by virtue of alleged acts of negligence in failing to supervise the work performed by the contractor, which proved substandard and defective. The District Court found that no relief was available to the borrower. We agree.
 
 
 2
 On or about October 1, 1976, appellants Albert Ortiz and Juanita Ortiz, plaintiffs below, who shall be referred to as Ortiz, obtained a loan of $4,990.00 from the Farmers Home Administration (FmHA) pursuant to Section 504 of the 1949 Housing Act, 42 U.S.C.A. §§ 1471 et seq.,[1] to make repairs and improvements on their rural residence at Rodarte in Taos County, New Mexico.
 
 
 3
 Ortiz obtained two contractors' estimates and selected George Visarraga to perform the repair work. FmHA Assistant County Supervisor Langley approved the contract. Thereafter, Taos County FmHA County Supervisor Ramsey entered into a deposit agreement with a bank in Taos, New Mexico, where the loan repair funds were deposited in an account. Payments therefrom were authorized only with signatures of Ortiz, as countersigned by Ramsey.
 
 
 4
 Ortiz's complaint and proposed amendments alleged that: Visarraga breached his contract by incompetently performing the repair work to Ortiz's detriment in the amount of $22,573.80; the FmHA officials named as parties defendants utterly failed to adequately supervise the work performed by Visarraga and to inspect the poor workmanship; defendants Ramsey and Langley had informed Ortiz that Visarraga was a licensed contractor capable of performing the repair work; Ortiz relied on the FmHA officials to supervise and inspect the work performed by Visarraga to assure that the repairs would be performed in a workmanlike manner and of good quality. The relief sought by Ortiz against the federal defendants was five-fold: (1) a declaratory judgment based on a breach of contract seeking rescission of the note and mortgage pursuant to the Tucker Act, 28 U.S.C.A. § 1346(a)(2),[2] (Count I, Complaint, Vol. I, pp. 7, 8, 10), (2) money damages under the Federal Tort Claims Act, 28 U.S.C.A. § 2671 et seq., based upon negligent misrepresentation (Count II, Complaint, pp. 8, 10), (3) money damages pursuant to the Federal Tort Claims Act, supra, based on alleged negligent supervision and administration of the work performed (or omissions and defaults) by contractor Visarraga and FmHA employees, (4) money damages in amount of the promissory note, i. e., $4,990.00, pursuant to the Tucker Act premised on an alleged contractual obligation owing by the United States under the Housing Act of 1949 and the related regulations, (Proposed Amendment I, Vol. I, p. 3) and (5) declaratory judgment seeking a declaration of breach of contract, cancellation of the note and mortgage and issuance of writ of mandamus requiring the return by the federal defendants of all monies paid out by Ortiz on the contract. This cause of action was premised on alleged contractual obligations owing by defendants to Ortiz under the Housing Act of 1949 to provide, in addition to financial assistance, technical supervision and construction inspection to ensure that the contractor's work was properly undertaken and performed. (Proposed Amendment II, Vol. I, p. 44).
 
 
 5
 The federal defendants answered and filed a motion for summary judgment and resistance to the Ortiz motion to amend the complaint as per Proposed Amendments I and II, supra. The District Court thereafter entered its Memorandum Opinion and Orders. The Court denied the Ortiz's motion to amend the complaint. The Court granted the federal defendants' motion to dismiss the Ortiz complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.
 
 
 6
 On appeal, Ortiz contends that the District Court erred in (1) denying their motion to amend the complaint to cure alleged defects (Ortiz's complaint initially charged negligent misrepresentations to the federal defendants) to state a claim under the Tucker Act, requesting money damages of $4,990.00 representing the amount of the promissory note, (2) denying their motion to amend their claim based upon the Federal Tort Claims Act to delete the claim for negligent misrepresentation and, in lieu, to pursue a claim for negligent administration and supervision, thereby avoiding the exceptions to the waiver of sovereign immunity contained at 28 U.S.C.A. § 2680(h), (3) dismissing the complaint inasmuch as the federal defendants were not engaged in discretionary functions with regard to their supervision of the Ortiz's home repairs and are not entitled to immunity from suit, and (4) refusing to properly issue a declaratory judgment declaring that Title V of the Housing Act of 1949 and the enabling regulations promulgated pursuant thereto, creates a statutory benefit as well as a contract between the borrower and the government whereby upon the borrower's execution of the promissory note and mortgage, rights occur.
 
 I.
 
 7
 Ortiz contends that the District Court erred in refusing to grant the motion to amend their complaint in Counts II and III so as to delete the claim for relief due to negligent misrepresentation and, in lieu, to pursue a claim for negligent administration and supervision, thus avoiding the exceptions to the waiver of sovereign immunity of the Federal Tort Claims Act contained in 28 U.S.C.A. § 2680.[3]
 
 
 8
 One of the basic predicates advanced by Ortiz in support of the motion was that there are significant statutory and regulatory differences between the Federal Housing Administration and FmHA which take the instant case out of the reach of United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). The District Court disagreed and observed that even should the motion to amend be granted, still the genesis of the complaint would remain that of negligence:
 
 
 9
 Plaintiffs attempt to correct that defect (allegation that federal administrative employees were liable for negligent misrepresentation in failing to discover that Visarraga was not a licensed contractor and for failure to supervise Ramsey and Langley) by amendment, deleting any reference to negligent misrepresentation by Ramsey and Langley and, instead, alleging negligent administration and supervision. If allowed to so amend, that negligence claim would fall with all the rest, thus the amendment will not be allowed.
 
 
 10
 (R., Vol. I, p. 59).
 
 
 11
 The trial court relied on United States v. Neustadt, supra. There the Supreme Court held that a home purchaser's claim against the United States for damages resulting from the purchaser's reliance on an inaccurate FHA inspection-appraisal fell within the "misrepresentation" exception of 28 U.S.C.A. § 2680(h).
 
 
 12
 In Reynolds v. United States, 643 F.2d 707 (10th Cir. 1981), we held, just as the District Court in the instant case found, that the Housing Act of 1949, as amended, and the relevant regulations, 7 CFR 1802.2(b), 7 CFR 1804.3(d)(1), 7 CFR 1804.4(g)(3) and 7 CFR 1804.4(g)(3)(i)(a), (b) and (c), do not render the United States and its employees liable to an FmHA borrower by reason of negligence of said employees in appraising the subject property. The appraisal was based on a faulty, negligent inspection. We there applied United States v. Neustadt, supra, where the Supreme Court specially recognized the broad reach of the "misrepresentation" exception of 28 U.S.C.A. § 2680(h). The Court stated that Congress did not intend to convert the FHA appraisal into a warranty of value or otherwise extend to a purchaser any actionable redress by reason of negligent inspection-appraisal:
 
 
 13
 To say, as the Fourth Circuit did, that a claim arises out of "negligence", rather than "misrepresentation", when the loss suffered by the injured party is caused by a breach of a "specific duty" owed by the Government to him, i. e., the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs, is only to state the traditional and commonly understood legal definition of the tort of "negligent misrepresentation", as is clearly, if not conclusively, shown by the authorities set forth in the margin, and which there is every reason to believe Congress had in mind when it placed the word "misrepresentation" before the word "deceit" in § 2680(h). As the Second Circuit observed in Jones v. United States, supra (207 F.2d 563), "deceit" alone would have been sufficient had Congress intended only to except deliberately false representations.
 
 
 14
 366 U.S. at pp. 706, 707, 81 S.Ct. at pp. 1300-1301.
 
 
 15
 In Reynolds, supra, we noted that the "misrepresentation" exception of 28 U.S.C.A. § 2680(h) has been broadly construed to include false representations of any type, citing to the following cases wherein the "misrepresentation" exception has been applied in similar cases involving federal housing programs where government employees were found to have practiced false representations which worked to the financial detriment of parties who properly relied thereon: Moon v. Takisaki, 501 F.2d 389 (9th Cir. 1974); United States v. Longo, 464 F.2d 913 (8th Cir. 1972); Thompson v. United States, 408 F.2d 1075 (8th Cir. 1969); Edelman v. Federal Housing Administration, 382 F.2d 594 (2d Cir. 1967); Stanley v. Veterans Administration, 454 F.Supp. 9 (E.D.Pa.1978); Modular Technics Corp. v. South Haven Houses Housing Development Fund Company, Inc., 403 F.Supp. 204 (E.D.N.Y.1975); United States v. Sherman Gardens Company, 298 F.Supp. 1332 (D.Nev.1967); United States v. Chelsea Towers, Inc., 295 F.Supp. 1242 (D.N.J.1967); United States v. Lawrence Towers, Inc., 236 F.Supp. 208 (E.D.N.Y.1964).
 
 
 16
 The District Court did not err in refusing to grant the Ortiz motion to amend Counts II and III of their complaint.
 
 II.
 
 17
 Ortiz contends that the District Court erred in denying their motion to amend the complaint in order to state a claim arising under the Tucker Act, supra, to seek relief for money damages in amount of $4,990.00 representing the amount of the original promissory note.
 
 
 18
 The District Court denied the motion in that "... it is a veiled attempt to achieve rescission of the promissory note by recovering the amount of the note from the lender. The amendment would, thus, not cure this Court's lack of jurisdiction over the breach of contract claim contained in Count I." (R., Vol. I, p. 58). We agree.
 
 
 19
 In Lee v. Thornton, 420 U.S. 139, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975), the Supreme Court stated that the Tucker Act empowers district courts to award damages but does not empower them to grant injunctive or declaratory relief. Inasmuch as Ortiz sought rescission of the promissory note via damages from the payee for the amount of the note, the effect would be a cancellation of their obligation to the FmHA with attendant affirmative obligation cast on the United States to repay Ortiz the face amount of the note.
 
 
 20
 The Ortiz attempt to rephrase their claim under the Tucker Act necessarily failed because the operative facts upon which the Ortiz complaint relied did not permit avoidance of the proposition that each complaint against the federal defendants for actions taken or for omissions charged was negligent in character. In order to obtain relief in the nature of rescission, Ortiz was obligated to establish (a) that a direct contractual obligation existed between the federal defendants to Ortiz by virtue of the applicable statutes and regulations, and (b) that the contractual obligation was breached by virtue of the precise negligent acts and/or omissions falling within the "misrepresentation" exception to 28 U.S.C.A. § 2680(h).
 
 
 21
 In United States v. Neustadt, supra, the Supreme Court stated that the primary objective of the FHA appraisal system is that of protection of the Government and its insurance funds; that the mortgage insurance programs do not insure anything other than repayment of loans made by lender-mortgagees; "and there is no legal relationship between the FHA and the individual mortgagor." 366 U.S. at p. 709, 81 S.Ct. at p. 1301.
 
 
 22
 The Ortiz motion was properly denied. It sought the equitable relief of rescission, while employing language designed to render the federal defendants liable in damages in the amount of the promissory note. The District Court correctly observed that the claim was in fact equitable in nature and that the court lacked jurisdiction to grant such relief.
 
 III.
 
 23
 Ortiz alleges that the District Court erred in dismissing the complaint against the individual federal defendants on the ground that neither the United States, its agencies and employees, owed any duty to Ortiz, and, therefore, cannot be sued for negligence. The District Court relied on United States v. Neustadt, supra, for the proposition that even when regulations provide for inspections of a (FHA) residence by federal authorities "... such inspections are for the benefit of the government in order for it to protect its investment, and such regulations do not create a duty to inspect which runs to the borrowers." (R., Vol. I, p. 59).
 
 
 24
 Ortiz contends that the court's reliance on United States v. Neustadt, supra, was misplaced, inasmuch as that case involved interpretation and application of statutes and regulations dealing with the Federal Housing Administration (FHA), whereas the instant case deals with different statutes and regulations pertaining to Farmers Home Administration (FmHA). Ortiz urges that: the FHA statutes and regulations create only discretionary duties, whereas the FmHA statutes and regulations create non-discretionary duties; and while FmHA is a lender of financial assistance and provider of technical assistance in construction matters, FHA is only an insurer of private mortgages, a vast distinction. The District Court held that while the discretionary/non-discretionary distinction may have some merit in relation to the functions of some of the federal defendants, the court need not reach the issue inasmuch as no claim upon which relief can be granted was stated "... because the United States and its agencies and employees owe no duty to the Plaintiffs and, therefore, cannot be sued for negligence." (R., Vol. I, p. 58). We agree. No duty to inspect on the part of FmHA sounding in contract or tort existed for the benefit of Ortiz.
 
 IV.
 
 25
 The remaining contentions of error advanced by Ortiz are, individually and collectively, without merit.
 
 
 26
 The argument that the federal employee defendants, all FmHA personnel, owed non-discretionary duties to Ortiz which they failed to fulfill, thus bringing them within the District Court's mandamus jurisdiction pursuant to 28 U.S.C.A. § 1361 is without merit. Mandamus lies to compel an officer to perform a purely ministerial duty, but it cannot be invoked to compel or direct a duty which is discretionary in nature. McQueary v. Laird, 449 F.2d 608 (10th Cir. 1971); Udall v. Taunah, 398 F.2d 795 (10th Cir. 1968). We agree with Youngstrom v. Dunn, 447 F.2d 948 (8th Cir. 1971), wherein the court held that FmHA inspection-supervisory activity in the construction (or repair) of a home is part of an official's discretionary function. Thus, the individual federal defendants are entitled to official immunity. In any event, the District Court held that the issue was not controlling inasmuch as the United States, its agencies and employees, did not owe any duty to Ortiz under the governing statutes and regulations. Mandamus relief is proper only where the functions constitute clearly defined, peremptory, ministerial duties of a government official owed to a complainant. Schulke v. United States, 544 F.2d 453 (10th Cir. 1976); Barr v. United States, 478 F.2d 1152 (10th Cir. 1973), cert. denied, 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d 148 (1973).
 
 
 27
 Ortiz's argument that jurisdiction vests pursuant to 28 U.S.C.A. § 1337, in that this is a case arising out of an act of Congress regulating commerce, is not persuasive. Unlike the National Housing Act, 12 U.S.C.A. § 1701 et seq., which specifically stated as a purpose that of controlling various aspects of interstate commerce connected with mortgage financing, see Davis v. Romney, 490 F.2d 1360 (3d Cir. 1974), the Housing Act of 1949 with which we are here concerned is not an act regulating commerce but one based upon the power of Congress to tax and appropriate funds for the general welfare.
 
 
 28
 WE AFFIRM.
 
 
 
 *
 Honorable Hatfield Chilson of the United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 The goal of the Act is to accomplish decent housing for farm families and others living in rural areas who are unable to obtain credit to secure decent housing. The Secretary is authorized to make loans designed to enable loan recipients to make repairs or improvements to farm dwellings to make them safe and sanitary. 42 U.S.C.A. § 1474(a). The District Court, in its Memorandum Opinion, stated that:
 It is believed that the statutes and regulations cited by the Plaintiffs, although they evidence a purpose in helping rural home owners to make repairs and improvements in order to promote health and safety, do not give rise to the duty necessary to support a negligence action under the FTCA. The statutes and regulations cited to and considered by the Court are 42 U.S.C. Section 1474(a); 7 C.F.R. Section 1822.22; 7 C.F.R. Sections 1822.26 through 1822.32; 7 C.F.R. Sections 1822.21, 1802.1 through 1802.7; 42 U.S.C. Section 1476(a). (R., Vol. I, p. 59).
 
 
 [2]
 28 U.S.C.A. § 1346(a)(2) provides that the district court shall have original jurisdiction, concurrent with the court of claims, in civil actions against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, an Act of Congress, a regulation of an executive department, or for liquidated or unliquidated damages in cases not sounding in tort
 
 
 [3]
 28 U.S.C.A. § 2680(h) provides that the broad waiver of the federal government's immunity from liability for the torts of its employees while acting in the scope of their employment shall not apply, inter alia, to any claim arising out of "misrepresentation, deceit, or interference with contract rights..."