ACME DELIVERY SERVICE,
INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 92–B–1441.

United States District Court,
D. Colorado.

March 31, 1993.

William C. Danks, Denver, CO, for plaintiff.

Stephen D. Taylor, Asst. U.S. Atty., Denver, CO, for defendant.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Defendant, United States of America (the government), moves to dismiss plaintiff's claims for failure to state a cause of action under the FTCA, 28 U.S.C. § 1346(b), for lack of subject matter jurisdiction of this court under the Tucker Act, 28 U.S.C. § 1491, and for failure to establish a principal/agent relationship. The parties were notified that because they have submitted exhibits which are beyond the pleadings, I would consider the government's motion as a motion for summary judgment. Additional time was given to submit further Rule 56 material. For the reasons set forth below, I will grant the government's motion.

### I.

Plaintiff, Acme Delivery Service, Inc. (Acme), is a subcontractor of three transportation carriers under contract with the government (the Three Carriers). The Three Carriers entered into contracts with various military organizations within the United States Department of Defense for the purpose of transporting the personal belongings of military personnel. The government has regulations which require the solvency of the Three Carriers. On November 19, 1990, the government placed the Three Carriers, on "non-use" status because of insolvency. The government admits, for purposes of this motion, that it negligently and wrongfully failed to discontinue using the Three Carriers on September 1, 1990 when it knew or should have known of their adverse financial condition. The Three Carriers did not pay Acme for contracts entered into between the two parties between September 1, 1990 and November 19, 1990. Acme brings two damage claims against the government alleging that:

1) the government negligently violated its rules and regulations by not placing the Three Carriers in a "non-use" status; (Complaint ¶ 17); and

2) the Three Carriers were the real or apparent agents of the government and the government wrongfully refused to pay Acme as principal of the Three Carriers. (Complaint ¶¶ 19–21).

The government initially moved to dismiss Acme's second claim on the basis that this court lacks subject matter jurisdiction over the claim under the Tucker Act, 28 U.S.C. § 1491. Under the Tucker Act, the district courts' subject matter jurisdiction is limited to contract actions in which the claim against the government does not exceed $10,000. 28 U.S.C. § 1346(a)(2). The government argues that the second claim alleges a breach of contract claim between Acme and the government with damages in excess of $200,000. Based on the drafting of the claim in the complaint, I would agree with the government's argument. However, in its reply brief Acme argues that its second claim is a tort claim based on the Restatement of Agency (Second) section 212. I accept without deciding that the second claim is a tort claim based on the Restatement of Agency (Second) and, therefore, that jurisdiction is proper under the FTCA.

### II.

Fed.R.Civ.P. 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552; *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir.1992).

Once the moving party demonstrates an absence of evidence supporting an essential element of the plaintiff's claim, the burden shifts to the plaintiff to show that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. To satisfy this burden the nonmovant must point to specific

facts in an affidavit, deposition, answers to interrogatories, admissions, or other similar admissible evidence demonstrating the need for a trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553; *Mares,* 971 F.2d at 494.

Summary judgment is also appropriate where no reasonable jury could return a verdict for the claimant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511; *Mares,* 971 F.2d at 494. However, summary judgment should not enter if, viewing the evidence in a light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512; *Mares,* 971 F.2d at 494.

### III.

■ Acme seeks recovery from the government for alleged torts pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). The Federal Tort Claims Act permits suit against the government only in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The government's liability under the FTCA is determined by referring to the state law where the act or omission occurred. *Flynn v. United States,* 902 F.2d 1524, 1527 (10th Cir.1990). In its brief, the government asserts that the law of the State of Virginia applies in this case because it is in Virginia that the decision to disqualify and/or place a carrier on nonuse status is made. Acme acknowledges that until further discovery takes place, it is unable to determine the locus of the acts or omissions which give rise to this suit. Acme submits, however, that if it is determined that Virginia law applies, the sections of the Restatement relied upon for its claims accurately reflect the state law of Virginia.

■ In its motion for summary judgment, the government argues that Acme's first claim fails to state a cause of action under the FTCA because a private person could not be liable under state law. Acme's first claim alleges that the government "was negligent in violating its rules and regulations ..." (Complaint ¶ 17). Thus, the first claim is founded on the application of federal regulations. The law is clear, however, that plaintiff may not base his tort claim exclusively on the alleged breaches of a duty arising solely from a federal law or regulation when there is not a corresponding duty imposed by state tort law. *Attallah v. United States,* 955 F.2d 776, 785 n. 15 (1st Cir.1992); *Art Metal— U.S.A., Inc. v. United States,* 753 F.2d 1151, 1157–58 (D.C.Cir.1985); *Sellfors v. United States,* 697 F.2d 1362, 1365 (11th Cir.1983), *cert. denied,* 468 U.S. 1204, 104 S.Ct. 3571, 82 L.Ed.2d 870 (1984).

■ The federal regulations upon which Acme relies are the Department of Defense procedures for disqualifying a carrier and/or placing a carrier on non-use status. The regulations were promulgated to protect the interests of the government. (Defendant Exhibit A, ¶ 7). The regulations apply exclusively to federal contracts entered into by the Department of Defense. A private person could not be liable for the negligent failure to administer a similar regulation. Since a private person could not be liable under state law, the United States can not be liable pursuant to the FTCA.

■ Acme responds to the government's motion to dismiss by arguing that its first claim for relief is based on section 213 of the Restatement of Agency (Second) and that the government would be liable as a private person in this case under section 213. I will therefore analyze Acme's first claim under section 213 of the Restatement of Agency (Second).

Section 213 provides:

A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:

(a) in giving improper or ambiguous orders of [sic] in failing to make proper regulations; or

(b) in the employment of improper persons or instrumentalities in work involving risk of harm to others:

(c) in the supervision of the activity; or

(d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

Acme posits that the government is liable under both subsections (b) and (c) to section 213; under subsection (b) because the government was negligent in continuing to do business through the Three Carriers after September 1, 1990, and under subsection (c) for failure to follow its own regulations governing the financial stability of the Three Contractors. This theory is premised upon Acme's allegation that it is not necessary to establish a principal/agent relationship with regard to this claim under section 213. I disagree with this premise.

Acme points to the comments to § 213 which provides that the rule stated in this section is not *based* upon a rule of law of principal and agent or master and servant, rather, it is an application of tort rules. § 213 comment a (emphasis added). I do not read this to imply that a principal/agent or master/servant relationship is not required. The plain language of section 213 clearly indicates that such a relationship is required for application of this section: "A person conducting an activity *through servants or other agents* ..." § 213 (emphasis added).

Although Acme states that the first claim was drafted on the premise that the Three Carriers are independent contractors and not agents of the government, I have nevertheless considered whether such a relationship exists for the purpose of stating a claim based on section 213. Because I conclude that the Three Carriers were not agents of the government, I will dismiss Acme's claim under section 213.

■ An agency is a "fiduciary relationship" in which one party consents to act on behalf of another party and is subject to the control of the other party. Restatement (Second) of Agency § 1 (1958). The issue of a principal/agent relationship between the government and independent contractors has been addressed by the courts in the context of subcontractor claims in contract against the government. This issue has arisen because subcontractors do not have privity of contract with the government and therefore may not sue the government directly. *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1550–51 (Fed.Cir.1983). However, the courts have recognized an exception to the no-privity rule when the subcontractor contracts with a prime contractor that is acting as an agent for the government. *Id. Johnson Controls* identifies three factors pointing to whether an agency relationship exists between the government and a subcontractor. The courts consider: (1) whether the prime contractor was acting as a purchasing agent for the government; (2) whether the agency relationship between the government and the prime contractor was established by clear contractual consent; and (3) whether the contract stated that the government would be directly liable to the subcontractors for the purchase price. *Johnson Controls*, 713 F.2d at 1551.

■ This case involves a series of contracts entered into between the government and the Three Carriers. Each contract is embodied in a Bill of Lading and the terms and conditions are contained in a Tender of Service. None of the above factors are evident in these contracts.

First, there is no evidence that the Three Carriers were acting as purchasing agents, or in this case, as "transportation brokers" for the government. Rather, the Three Carriers were contracting to provide transportation services. The Tender of Service specifically provides that the carrier "agree[s] to provide service." (Defendant Exhibit A2–1, ¶ I.A.2.b. and d.) Second, there is no "clear contractual consent" of an agency relationship. There is a total absence of any contractual terms establishing a principal/agency relationship in the Tender of Service and the Bill of Lading. Third, the government is not directly liable to the Three Carriers' subcontractors. The Three Carriers bill the gov-

ernment for their services. (Defendant Exhibit A2, ¶ 18). Pursuant to the Carriers' bills the government pays the Carriers; the government does not pay the Carriers' subcontractors. (Defendant Exhibit A2, ¶¶ 18–19.)

In addition, the Tender of Service and Bill of Lading do not establish a fiduciary relationship between the government and the Three Carriers. The government has not consented to have the Three Carriers act on its behalf. (Defendant Exhibit A2, ¶ 21). The Three Carriers have not consented to be subject to the control of the government. The Tender of Service specifically provides:

> All shipments tendered to me [the carrier] will be moved under *my responsibility* from origin to destination. . . .

(Defendant Exhibit A2–1, p. 5, Section II. A.14) (emphasis added).

I conclude as a matter of law upon the undisputed facts that the contracts between the government and the Three Carriers establish no principal/agent relationship. The documents are straight forward contracts for the transportation of household goods and unaccompanied baggage. Therefore, Acme, as a subcontractor of the Three Carriers, cannot sue the government for alleged negligence under Restatement of Agency 2d, section 213.

### IV.

Acme's second claim alleges, under section 212 of the Restatement of Agency (Second), that the government is liable for the wrongful act of hiring or retaining the Three Carriers when the government knew that the Three Carriers would be using companies such as Acme to do the government's business and that the Three Carriers would not be paying Acme for that work. Section 212 provides:

> A person is subject to liability for the consequences of another's conduct which results from his directions as he would be for his own personal conduct if, with knowledge of the conditions, he intends the conduct, or if he intends the consequences, unless the one directing or the one acting

has a privilege or immunity not available to the other:

Restatement Agency 2d, § 212.

■ The government argues that a claim based on section 212 requires that the Three Carriers were acting as agents for the government and that because the Three Carriers were not agents of the government, the claim must fail. Acme argues in its "motion to strike the government's submission of additional exhibits in support of the government's motion to dismiss" that the complaint states valid claims regardless of whether the Three Carriers were independent contractors or agents of the government. Although Acme now argues that the complaint was drafted on the premise that the Three Carriers were independent contractors, Acme's second claim in its complaint specifically alleges that the Three Carriers "were real or apparent agents" of the government. (Complaint ¶ 19).

Acme is correct that, unlike section 213, section 212 is not dependent on the law of agency. Comment a to section 212 states: "The rule stated in this Section is not *dependent* upon the law of agency but results from the general rule, stated in the Restatement of Torts, that one causing and intending an act or result is as responsible as if he had personally performed the act or produced the result." Nevertheless, Acme's second claim against the government must fail.

■ Under section 212 a party is subject to liability if that party directs a particular act, the act is performed as directed, and the conduct directed is tortious. Restatement Agency (Second) § 212 comment b. Here, Acme has failed to allege that the government either directed or intended tortious conduct that was performed by the Three Carriers. The conduct performed by the Three Carriers was a breach of contract over which this court does not have jurisdiction pursuant to the Tucker Act. The alleged tortious conduct, the failure to place the Three Carriers on nonuse status, was performed by the government. Thus, Acme has failed to state a claim under section 213.

Accordingly, it is ORDERED that summary judgment in favor of the government is

GRANTED, the government is awarded its costs and judgment shall enter accordingly.