Franklin L. HANEY, an individual, d/b/a The Franklin L. Haney Company, a sole proprietorship, Plaintiff,

v.

CASTLE MEADOWS, INC., a California corporation, Resolution Trust Corporation in its capacity as receiver for Lincoln Savings and Loan Association, F.A., and the United States of America, Defendants.

Civ. A. No. 93–K–322.

United States District Court, D. Colorado.

Nov. 18, 1994.

Lisa Hogan and Terence C. Gill, Brownstein Hyatt Farber & Strickland, P.C., Denver, CO, for plaintiff.

John H. Bernstein, Tana Simard, Kutak Rock, and Ann E. Hopfenbeck, Powers, Phillips, P.C., Denver, CO, for defendants Castle Meadows, Inc. and Resolution Trust Corp., etc.

Jeffrey L. Karlin, Trial Atty., Torts Branch, Civ. Div., U.S. Dept. of Justice, Washington, DC and Richard C. Kaufman, Asst. U.S. Atty., Denver, CO, for the U.S.

MEMORANDUM OPINION AND ORDER GRANTING UNITED STATES' MOTION TO DISMISS NEGLIGENCE CLAIM FOR LACK OF SUBJECT MATTER JURISDICTION

KANE, Senior District Judge.

This Fed.R.Civ.P. 12(b)(1) motion is another in a series seeking the dismissal of various claims filed by plaintiff Franklin Haney in his suit against Castle Meadows, Inc. (CMI), the Resolution Trust Corporation (RTC) in its corporate capacity and as receiver for the failed Lincoln Savings and Loan Association, and the United States. Three earlier motions to dismiss were the subject of a written order dated November 30, 1993. *See Haney v. Castle Meadows, Inc. et al.*, 839 F.Supp. 753 (D.Colo.1993). At issue in the present motion is Haney's negligence claim against the United States under the Federal Tort Claims Act (FTCA). The United States con-

tends this claim must be dismissed for lack of subject matter jurisdiction because it arises in contract, not in tort, or alternatively, because it is barred by the FTCA's misrepresentation exception.[1] I agree.

For the reasons set forth below, I grant the United States' Motion to Dismiss Haney's Fourth Claim for Relief.

### I. *Background*

This case arises out of a failed real estate transaction in which Haney contracted to purchase a masterplanned development community known as "the Meadows" from CMI and the RTC as receiver of Lincoln Savings and Loan Association, F.A. Haney alleges CMI and the RTC breached provisions in two agreements (the "1991 Agreement" and the "1992 Agreement") requiring the RTC to provide Haney with copies of various reports related to the Meadows, including surveys, soil and drainage reports, boundary and topographical drawings, and other technical data. Haney contends the RTC delegated this contractual obligation to CMI, and CMI failed to provide Haney with key documents showing substantial defects in the property, including the presence of radioactive materials in the water supply and the existence of at least one Federal Emergency Management Agency (FEMA) floodplain running through it.

Haney filed his original complaint on February 9, 1993, naming only CMI as defendant. Haney amended his complaint on March 9, 1993 to name the RTC in both its corporate and receiver capacities as additional defendants. He asserted breach of contract claims against both CMI and the RTC, and a claim for fraudulent misrepresentation against CMI.[2] On January 19, 1994, Haney filed his Second Amended Complaint assert-

1. While the United States' motion is premised solely on lack of subject matter jurisdiction under Rule 12(b)(1), Haney responds by intertwining the jurisdictional issue with the merits of his FTCA claim. *Compare* Pl.'s Br.Opp.Mot.Dismiss at 4, 12–13 ("allegations in Complaint ... support a claim for negligent supervision and hiring" under Rest.(2d) Agency § "213") *with* United States' Reply Supp.Mot.Dismiss at 7–8, n. 4 (Haney's FTCA claim against the United States for negligent retention/supervision states no claim under Colorado law and is precluded by

the government's discretionary function exception). As such, I treat it as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Sierra Club v. Shell Oil Co.*, 817 F.2d 1169, 1172 (5th Cir.), *cert. denied*, 484 U.S. 985, 108 S.Ct. 501, 98 L.Ed.2d 500 (1987).

2. Additional claims against CMI for negligent concealment and outrageous conduct, and against RTC Corporate for breach of contract, were dismissed upon defendants' motions. *See Haney*, 839 F.Supp. at 759.

ing, for the first time, a cause of action for negligence against the United States under the FTCA, 28 U.S.C. §§ 1346(b), 2671 (1988). It is this latter claim for which dismissal is sought.

## II. *Merits*

In support of his FTCA claim against the United States, Haney alleges the following:

51. RTC had an obligation under the 1991 Agreement and the 1992 Agreement to locate and make available to Haney copies of surveys, soils and drainage reports, engineering data, and any other reports, maps or drawings related to the Meadows property.

52. ... RTC negligently performed ....

53. ... RTC delegated to CMI, or entrusted CMI with, RTC's contractual obligations....

54. RTC delegated to CMI, or entrusted CMI with, the conducting of the proposed sale of the Bonds and the Meadows to Haney.

55. RTC was in a position to control CMI's dealings with Haney ... [and] RTC had a duty to Haney to exercise reasonable care in entrusting and controlling CMI. RTC failed to exercise such care.

56. It was reasonably foreseeable that CMI would engage in the intentional and negligent conduct alleged above....

57. RTC knew or should have known that CMI was not competent or careful and that CMI would breach the defendant's contractual obligations to Haney or fraudulently or negligently conceal from him, or misrepresent to him, material facts....

 Haney contends these allegations support two separate tort claims against the RTC (the United States) under the FTCA: (1) the RTC negligently performed its obligations under the Agreements (¶¶ 51–53); and (2) the RTC was negligent under the principle set forth in Restatement (Second) Agency § 213 by selecting or retaining CMI to dispose of the Meadows when the RTC knew or should have known CMI would fraudulently conceal[3] information from Haney to his financial detriment (¶¶ 54–57). Pl.'s Br.Opp.Mot.Summ.J. at 4–5. Haney's allegations, even if true, fail to state a cognizable claim against the United States under the FTCA.

### The FTCA

 Claims for money damages against the United States are barred under the doctrine of sovereign immunity except where Congress has consented to such claims. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *Faber v. United States,* 921 F.2d 1118, 1119 (10th Cir.1990); *Weiss v. United States,* 787 F.2d 518, 521 (10th Cir.1986). In enacting the FTCA, Congress consented to suits against the United States for money damages for certain causes of action sounding in tort, but only under the terms and conditions specified by the statute. *United States v. Orleans,* 425 U.S. 807, 814, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976). These terms and conditions are to be strictly construed. *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1819, 75 L.Ed.2d 840 (1983); *see Faber,* 921 F.2d at 1119 (construing 20–day waiver for challenges to IRS third-party summons at 26 U.S.C. § 7609(b)(2)(A)).

Under § 1346(b) of the FTCA, the United States may be held liable for injuries caused by the "negligent or wrongful act or omission" of government employees acting "within the scope of [their] office or employment." 28 U.S.C. § 1346(b). Liability is limited, however, by the exceptions enumerated at § 2680, which include, *inter alia,* claims

---

**3.** Haney also alleges the RTC is liable because it knew or should have known CMI would "negligently conceal from him, or misrepresent to him, material facts," but this is inaccurate. I have already determined there is no tort for "negligent" concealment or misrepresentation in the vendor/purchaser context and dismissed Haney's claims against CMI based on these theories. *See Haney,* 839 F.Supp. at 756 (liability for nondis-

closure requires defendant to have actually been aware of the fact withheld, thus the case becomes one sounding in fraud, not negligence). As a result, Haney's claim for negligent hiring against the RTC cannot be premised on CMI's "negligent concealment" or "negligent misrepresentation" of material facts and must instead be premised, if it exists at all, on CMI's allegedly fraudulent conduct.

premised on the performance of, or failure to perform, a "discretionary function or duty" of the government (§ 2680(a) and claims for "misrepresentation, deceit, or interference with contract rights" (§ 2680(h). *See Weiss v. United States,* 787 F.2d 518, 521 (10th Cir.1986) (claims based on performance of discretionary function barred by sovereign immunity); *Ortiz v. United States,* 661 F.2d 826, 829 (10th Cir.1981) (claims for misrepresentation also barred).

 Even for claims not prohibited by § 2680, the federal government's waiver of sovereign immunity extends only to those torts committed by government employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [tortious] act or omission occurred." 28 U.S.C. § 1346(b); *see id.* § 2674 (United States liable "in the same manner and to the same extent as a private individual under like circumstances"); *Feres v. United States,* 340 U.S. 135, 141, 71 S.Ct. 153, 157, 95 L.Ed. 152 (1950); *Ortiz,* 661 F.2d at 829; *Acme Delivery Svc., Inc. v. U.S.,* 817 F.Supp. 889, 891 (D.Colo.1991) (Babcock, J.). Thus, in order for subject matter jurisdiction to attach to claims against the United States under the FTCA, a claimant must show not only that its cause of action stands independently of a claim for breach of contract, misrepresentation, or fraud, but also that its allegations, taken as true, satisfy the necessary elements of a tort claim cognizable under state law.

A. *RTC's Alleged "Negligent Performance" of the Agreements.*

 The FTCA does not extend subject matter jurisdiction over breach of contract claims. *Davis v. United States,* 961 F.2d 53, 56 (5th Cir.1991) (citing *Woodbury v. United States,* 313 F.2d 291, 295 (9th Cir.1963)). This is so regardless of whether the conduct giving rise to a claim for breach of contract may also give rise to a claim in tort. *Woodbury,* 313 F.2d at 296. Where an action is essentially for breach of an obligation imposed by contract and liability, if any, depends wholly on the government's promise, the action is barred under the FTCA. *Id.*

To permit otherwise would be to destroy the distinction between contract and tort claims preserved in the federal statutes and render illusory the separation of contract claims under the Tucker Act and tort claims under the FTCA. *Id.*

 Haney contends his FTCA claim against the RTC for negligently carrying out its obligations under the 1991 and 1992 Agreements sounds in tort, not contract. Pl.'s Br.Opp.Mot.Dismiss at 4. Saying it, however, does not make it so. Any obligation of the RTC to provide Haney with information about the water supply and FEMA floodplain arose under the Agreements in contract, not under any independent duty in tort. Claims founded upon an alleged failure to perform contractual obligations are not tort claims supporting subject matter jurisdiction under the FTCA. *Davis,* 961 F.2d at 56 (rejecting plaintiff's contention that alleged breach of promissory note's non-assignment clause by FDIC gave rise to conversion claim under FTCA) (citing *Blanchard v. St. Paul Fire & Marine Ins. Co.,* 341 F.2d 351, 357–58 (5th Cir.), *cert. denied* 382 U.S. 829, 86 S.Ct. 66, 15 L.Ed.2d 73 (1965)).

 Haney acknowledges the allegations in paragraphs 51—53 of his complaint purport to state a claim for negligent performance of obligations arising in contract, which claim "may be barred by *Woodbury.*" Pl.'s Br.Opp.Mot.Dismiss at 12–13. Having essentially abandoned this theory of relief, Haney attempts to come within the scope of the FTCA by claiming the RTC negligently retained and supervised an entity (CMI) which then negligently performed the RTC's obligations arising in contract. Pl.'s Br.Opp.Mot.Dismiss at 9–13. Even assuming the RTC's retention of CMI gave rise to a duty of care independent of that imposed by contract (and I do not reach that question here), a claim for negligent hiring or supervision would be barred as arising out of fraud or misrepresentation and thus would be excepted from the waiver of sovereign immunity under the FTCA by 28 U.S.C. § 2680(h).

B. *The United States' Alleged "Negligent Hiring and Supervision" of CMI Under Restatement (Second) Agency § 213.*

 Haney claims the RTC is liable under Colorado law for negligently retaining and supervising CMI because it knew or should have known CMI would fraudulently conceal or misrepresent material facts to Haney. Complaint ¶¶ 53–57. Haney concedes 28 U.S.C. § 2680(h) bars recovery for injuries resulting from the United States' fraudulent concealment or misrepresentation of material facts, but claims where, as here, those injuries also result from the breach of a different duty, the misrepresentation exception under § 2680(h) is inapplicable. Pl.'s Br.Opp.Mot.Dismiss at 13–14. This argument fails as a matter of law.

The United States Supreme Court long has recognized the broad reach of the "misrepresentation" exception of § 2680(h). In *United States v. Neustadt,* 366 U.S. 696, 702–03, 706, 81 S.Ct. 1294, 1298–99, 1300, 6 L.Ed.2d 614 (1961), the Court refused to permit plaintiff to circumvent § 2680(h) by characterizing his claim as arising out of a "negligent" breach of a "specific duty" owed by the government to plaintiff rather than "misrepresentation," citing *Hall v. United States,* 274 F.2d 69, 71 (10th Cir.1959) (courts must look beyond the literal meaning of a negligence claim under the FTCA to ascertain the "real cause" of the complaint). I find the "real cause" of Haney's complaint is his alleged detrimental reliance on misrepresentations regarding the Meadows and conclude Haney's claim for negligent hiring or supervision against the RTC falls, as would a claim for misrepresentation or fraud asserted against the RTC directly, within the exception to federal tort liability under 28 U.S.C. § 2680(h). My conclusion is in accord with *Ortiz v. United States,* 661 F.2d 826, 829–30 (10th Cir.1981), in which the Tenth Circuit upheld the district court's refusal to permit plaintiff to amend his complaint to delete any reference to misrepresentation by federal employees and to allege, instead, negligent administration and supervision of those employees. The Tenth Circuit agreed a claim for negligent supervision of employees who engaged in misrepresentation "would fall with all the rest" of plaintiff's misrepresentation claims under § 2680(h). *Id.* at 829.

C. *Colorado Law Provides no Relief for "Negligent Retention or Supervision" Under the Facts Alleged by Haney.*[4]

 The FTCA permits suit against the government only in "circumstances where the United States, if a private person, would be liable [in tort] to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b), *construed in Acme,* 817 F.Supp. at 891; *see Chen v. United States,* 854 F.2d 622, 626 (2d Cir.1988). Thus, the government's liability for negligent retention or supervision under the FTCA in this case is determined by reference to Colorado law.[5] *See Acme,* 817 F.Supp. at 891 (citing *Flynn v. United States,* 902 F.2d 1524, 1527 (10th Cir.1990)). If Haney's allegations, taken as true, fail to satisfy the necessary elements of a negligent retention or supervision claim under Colorado law, that claim will fall outside the scope

---

4. As raised at n. 1, *supra,* the United States only addressed this issue after Haney asserted as part of his defense to the motion to dismiss that he had, in fact, stated a valid claim for negligent supervision under Rest. (2d) Agency § 213 and Colorado law. Under the analysis in *Acme Deliver Svc., Inc. v. United States,* 817 F.Supp. 889 (D.Colo.1993), discussed *infra,* Haney's negligent supervision claim is subject to dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Haney has not alleged CMI and the RTC stood in a principal/agent or master/servant relationship as is required to state a claim under § 213. Moreover, the Colorado cases upon which Haney relies to support his claim for negligent hiring involve the hiring and supervision of employees, not, as was CMI in this case, independent contractors. *See Martinelli v. Dist. Court in & for City & County of Denver,* 199 Colo. 163, 612 P.2d 1083 (1980); *Colwell v. Oatman,* 32 Colo.App. 171, 510 P.2d 464 (1973).

5. It is not, as Haney suggests, determinable by reference to the federal regulations governing the retention by RTC of independent contractors found at 12 C.F.R. 1606. *Acme,* 817 F.Supp. at 891 (the law is clear that plaintiff may not base tort claim under FTCA on the alleged breaches of a duty arising from a federal regulation when there is not a corresponding duty imposed by state tort law) (citations omitted).

of the FTCA. *Chen*, 854 F.2d at 626; *see Acme* at 892.

In *Acme*, Judge Babcock determined a principal/agent or master/servant fiduciary relationship is a necessary element of any claim for negligent retention or negligent supervision under § 213. *Id.*, 817 F.Supp. at 892. Colorado caselaw is consonant. *See Western Stock Center, Inc. v. Sevit, Inc.*, 195 Colo. 372, 578 P.2d 1045 (1978); *Colwell v. Oatman*, 32 Colo.App. 171, 510 P.2d 464, 465 (1973). Haney alleges no such relationship between the RTC and CMI and does not contend, as is required under a theory of agency, that it was the RTC as principal that controlled the fraudulent conduct at issue. In fact, Haney specifically contends it was CMI, and *not* the federal government, that misrepresented material facts regarding the Meadows. Pl.'s Br.Opp.Mot.Dismiss at 15.[6]

I conclude Haney's allegations fail to satisfy the necessary elements of a claim for negligence under Restatement (Second) of Agency, § 213 as adopted in Colorado, and therefore dismiss Haney's Fourth Claim for Relief against the United States.

### III. *Conclusion*

For the foregoing reasons, I GRANT defendant United States' Motion to Dismiss Haney's Fourth Claim for Relief for negligence under the FTCA for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

---

6. Haney appears to confuse the doctrine of *respondeat superior* with principal/agent liability under Rest. (2d) Agency § 213. They are distinct legal theories and the former is not at issue here.