43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Norine ORTEGA, Plaintiff-Appellant,
v.
Rick ROMERO, individually and in his official capacity as a
police officer with the Denver Police Department;
Denver, City and County of, Defendants-Appellees.
 No. 94-1218.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The plaintiff, Norine Ortega, brings this appeal challenging the district court's order granting summary judgment in favor of defendants. We affirm.
 
 
 3
 Ms. Ortega filed suit against the City and County of Denver and Rick Romero pursuant to 42 U.S.C.1983, alleging her constitutional rights were violated as a result of an automobile accident that occurred between Romero, a Denver police officer, and a vehicle in which Ms. Ortega was a passenger. The district court entered summary judgment in favor of the defendants.
 
 
 4
 The district court found the relevant facts, with all disputes resolved in favor of Ms. Ortega, to be as follows:
 
 
 5
 The accident at issue occurred on January 13, 1993 at approximately 3:00 a.m. Romero was on a routine patrol at the time. He was not involved in a high speed police chase or any other type of emergency. He was, however, traveling at a high-rate of speed. Ortega's vehicle had the right of way. It was making a left-hand turn and proceeding through the intersection when Romero's car struck Ortega's vehicle on the passenger-side. The driver of Ortega's vehicle took a blood alcohol test after the accident which indicated that he had a blood alcohol concentration of 0.107.
 
 
 6
 Ms. Ortega does not dispute the accuracy of the district court's findings of facts.
 
 
 7
 Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The nonmoving party has the burden of showing that there are issues of material fact to be determined. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion and identifying those portions of pleadings, depositions, interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. Id. at 323; Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir.1992). If this burden is carried, the nonmoving party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue. Otteson v. United States, 622 F.2d 516, 519 (10th Cir.1980); Fed.R.Civ.P. 56(e). We review the granting of summary judgment de novo, applying the same standard as the district court. Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990).
 
 
 8
 In Apodaca v. Rio Arriba County Sheriff's Dept., 905 F.2d 1445 (10th Cir.1990), we addressed whether the district court properly entered summary judgment against the plaintiff who had brought a 42 U.S.C.1983 claim after a police officer collided with the plaintiff's car. The facts of Apodaca were officer Delaino Romero
 
 
 9
 was driving 55-65 miles per hour around a blind curve on which the regular speed limit was 35 miles per hour. It was after midnight, and had been raining and sleeting. Romero was not using his siren or flashing lights. [Plaintiff] was making a left turn out of the restaurant parking lot, when Romero rounded the curve and crashed into her car broadside.
 
 
 10
 Id. at 1446.
 
 
 11
 Noting the Supreme Court has drawn a distinction between constitutional violations and torts committed by a public official, id. at 1447, we concluded "[c]ollisions between police vehicles and others caused by police negligence clearly fall on the tort' side of the line." Id. In so holding, we rejected the argument the officer's conduct exceeded bare negligence and was reckless and wanton. "In whatever manner plaintiffs attempt to dress up their claims, their cases come down to allegations that Romero was driving too fast for the road and visibility conditions. At most, therefore, plaintiffs' allegations are grounded in negligence." Id. at 1446-47 n. 3.
 
 
 12
 The same conclusion holds true under the facts presented here. Ms. Ortega alleges the officer caused the collision by driving too fast, late at night, and disobeying traffic laws. We conclude, therefore, the officer's conduct was at most negligent as a matter of law. It is undisputed the officer's conduct must be reckless in order to sustain Ms. Ortega's 1983 claim.
 
 
 13
 Ms. Ortega's contention that officer Romero's conduct constituted a seizure prohibited by the Fourth Amendment is frivolous. See Brower v. County of Inyo, 489 U.S. 593, 596 (1989); Apodaca, 905 F.2d at 1447. The judgment of the district is, therefore, AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470