Jane ROE, Plaintiff,

v.

CHEYENNE MOUNTAIN
CONFERENCE RESORT, Defendant.

Civil Action No. 95–WY–2152–CB.

United States District Court,
D. Colorado.

Jan. 11, 1996.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

BRIMMER, District Judge.

Both parties have filed motions for summary judgment. The parties do not dispute the facts, and both sides agree that the Court's order will resolve the matter.

### Background

The plaintiff, who is using the pseudonym "Jane Roe," is an employee of the Cheyenne Mountain Conference Resort ("Resort"). The Resort implemented a drug and alcohol testing policy.[1] The policy: (1) Prohibits employees from using or possessing illegal drugs or illegally obtained prescription medication; (2) prohibits employees from using or possessing alcohol on company property or during work hours; (3) Requires employees to inform the Resort of every drug they ingest, including legal, prescription medication; (4) Allows employees to take prescription medication, with the Resort's ap-

---

1. The Resort suspended the policy when this dispute arose, and is not enforcing the policy at this time.

proval, as long as the medication does not present a risk of injury to any person or impair the employee's senses; (5) Subjects the employees to random drug-testing; and (6) Requires all employees to give their written consent to the policy. Adherence to the policy's rules is a condition of employment.

Roe claims that she suffers from a disability, asthma, and must take prescription medication as a result. She did not inform the Resort of her disability or her need for medication. Roe also takes other prescription medications.

Roe challenges the portion of the policy that requires employees to disclose the use of legal, prescription medication. Roe claims that this provision violates the Americans with Disabilities Act (ADA), violates her common law right to privacy, and violates public policy.

## *Analysis*

### I. Americans with Disabilities Act

Congress enacted the ADA to help eliminate discrimination against individuals with disabilities. 42 U.S.C. § 12101(b). As part of this effort, the ADA restricts an employer's ability to conduct medical examinations and make inquiries of employees and job applicants in an effort to discover disabilities or perceived disabilities. 42 U.S.C. § 12112(d). The ADA contains separate rules for pre-offer job applicants, § 12112(d)(2); post-offer but pre-employment entrance examinations, § 12112(d)(3); and examinations and inquiries of current employees, § 12112(d)(4).

Roe is a current employee of the Resort, so only § 12112(d)(4) (examinations and inquiries of current employees) applies to this case. This section of the ADA provides:

A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examinations or inquiry is shown to be job-related and consistent with business necessity.

42 U.S.C. § 12112(d)(4)(A). In other words, the ADA prohibits two separate and distinct things: (1) medical examinations; and (2) disability-related inquiries. The statute provides an exception for medical exams or disability-related inquiries that are job-related and consistent with a business necessity.

The Resort argues that the ADA explicitly permits drug testing, and that drug tests are not considered medical exams. The Resort is correct, *see* 42 U.S.C. § 12114(d)(1) & (2), but this argument misses the point. Medical exams and disability-related inquiries are two different things. The ADA does permit the Resort to administer drug tests. Roe does not challenge this aspect of the Resort's policy. The ADA does not, however, permit the resort to make inquiries as to whether an employee has a disability. On this point, the Fourth Circuit has noted that "the employer is generally forbidden from inquiring about the disability of an employee." *Ennis v. National Ass'n. of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 58 (4th Cir.1995). The portion of the Resort's policy that requires employees to disclose the legal, prescription medication they use does just that.

The ADA defines "disability" in very broad terms. A disability is "a physical or mental impairment that substantially limits one or more of the major life activities." 42 U.S.C. § 12102(2)(A). Given this broad definition and the vast array of prescription medication used to treat various impairments that fit within this definition, a policy that requires employees to disclose the prescription medication they use would force the employees to reveal their disabilities (or perceived disabilities) to their employer. Section 12112(d)(4)(A) prohibits such an inquiry.

The Resort argues that its policy addresses only prescription medication that is illegally obtained or improperly used, and that Roe need not disclose prescription medication she legally obtains and properly uses.[2] The Resort mischaracterizes its policy. The policy provides that "prescribed drugs may be used only to the extent that they have been reported and approved by an employee super-

---

**2.** Defendant's Brief at 13.

visor."[3] The policy clearly requires employees to disclose *all* prescription medication, whether obtained legally or illegally.

Such a provision would be permissible if the Resort could demonstrate that its prescription medication inquiry is "job-related and consistent with business necessity."[4] However, the Resort has failed to make any such showing. The Resort argues instead that the "job-related" requirement applies only to medical examinations, therefore it does not have to demonstrate that the provision at issue is job-related and consistent with a business necessity. This argument ignores the plain language of § 12112(d)(4)(A), which states that the "job-related" requirement applies to examinations *and* inquiries.

Because the Resort has not shown that its policy requiring employees to disclose legal, prescription medication is job-related and consistent with business necessity, the Court grants summary judgment in favor of Roe on her claim that this provision violates the ADA.

The Court wishes to emphasize the narrowness of this holding, however. The vast majority of the Resort's policy is permissible under the ADA. The Resort may still test employees for *illegal* drug use. The Resort may prohibit employees from using, possessing, or being under the influence of illegal drugs or alcohol during work hours or on company property. The only thing the Resort may not do under the current policy is require employees to disclose the legal, prescription medication they use.[5]

## II. Common Law Right to Privacy

■ The Resort's policy does not violate Roe's common law right of privacy. In a remarkably similar case, the Tenth Circuit held that a policy which required an employee to disclose the prescription medication she used did not constitute an invasion of privacy under Colorado law. *Mares v. ConAgra*

*Poultry Co., Inc.,* 971 F.2d 492, 496 (10th Cir.1992).

Like the Resort's policy, the policy at issue in *Mares* required employees provide information about their prescription drug use. The employees had to complete a form detailing the prescription drugs they used, the dosage, the prescribing physician, the reason for the prescription, and length of time the employee expected to take the medication. Absent an allegation that the employer disseminated or published the information contained on the form, the Tenth Circuit held that "any invasion is at best insignificant." *Id.* The Court therefore grants summary judgment in favor of the Resort on Roe's claim that the policy violates her common law right of privacy.

## III. Public Policy

■ Colorado law permits an employee to pursue a claim for wrongful discharge in violation of public policy if the employee establishes that: (1) the employer directed the employee to perform an illegal act or prohibited the employee from exercising a job-related right; (2) the action directed by the employer would violate a specific statute relating to public health and welfare or undermine clearly expressed public policy; (3) the employer terminated the employee for refusing to perform the act; and (4) the employer was, or should have been, aware that the employee refused to perform the act because the employee reasonably believed the act was illegal. *Mariani v. Rocky Mountain Hospital,* 902 P.2d 429, 433 (Colo.App.1994) (citing *Martin Marietta Corp. v. Lorenz,* 823 P.2d 100 (Colo.1992)).

■ Roe fails to meet the first and third elements of this test. First, Roe does not allege that the Resort ordered her to perform an illegal act or prohibited her from exercising a job-related right. Second, the Resort has not terminated Roe. The Court therefore grants summary judgment in favor

---

**3.** Drug & Alcohol Testing Policy, Policy Statement ¶ 3.

**4.** 42 U.S.C. § 12112(d)(4)(A).

**5.** Of course, the Resort could draft a new policy that requires such a disclosure if the Resort can show that this requirement is job-related and consistent with business necessity.

of the Resort on Roe's claim that the policy violates Colorado's public policy.

### Conclusion

The provision of the Resort's drug and alcohol policy that requires employees to disclose the legal, prescription medications they use violates the ADA, but does not violate Roe's right to privacy or Colorado's public policy. The Court therefore **ORDERS** that Roe's motion for summary judgment on her first cause of action is **GRANTED**, and the Resort's motion for summary judgment on the first cause of action is **DENIED**. The Court further **ORDERS** that the Resort's motion for summary judgment on Roe's second and third causes of action is **GRANTED**, and Roe's motion for summary judgment on the second and third causes of action is **DENIED**.