**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 23 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAMON H. MARTINEZ,

      Plaintiff-Appellant,

v.

AMERICAN OIL AND SUPPLY
COMPANY and AMERICAN
TELEPHONE & TELEGRAPH
COMPANY,

      Defendants-Appellees.

No. 99-2228
(D.C. No. CIV-97-523-JC)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Ramon H. Martinez, appearing *pro se*, appeals the district court's order granting summary judgment in favor of defendants and dismissing his toxic tort complaint. We affirm.

BACKGROUND

Plaintiff was employed by defendant American Telephone & Telegraph Company (AT&T) and its successor, US West Communications, Inc., from 1971 until his retirement in 1994. He was an apparatus cleaner who used cleaning fluids, lubricants and other solvents manufactured by defendant American Oil and Supply Company to AT&T's specifications. Mr. Martinez used a lubricant identified as KS16832L2 every day from 1975 to 1981 and sporadically from 1981 until approximately 1990. Mr. Martinez alleged that this lubricant caused him to suffer from chest pain, burning in his lungs and shortness of breath. Plaintiff was diagnosed in 1994 with a degenerative disorder of the respiratory and central nervous system and in 1996 with pulmonary fibrosis. Plaintiff alleged that he discovered in 1996 that the KS16832L2 lubricant was a carcinogenic and hazardous substance.

Represented by counsel, plaintiff filed his diversity complaint against defendants in May 1997, asserting claims for strict liability in tort, prima facie tort, and negligence, and seeking benefits under the Employee Retirement Income Security Act (ERISA), all arising out of injuries he alleged were caused by his use

of lubricant KS16832L2 while employed by AT&T. Plaintiff amended his complaint in March 1998, deleting his ERISA claim and dropping some defendants. Soon after plaintiff's deposition was taken in June 1998, plaintiff's first attorney withdrew, citing financial considerations. The magistrate judge assigned to preside over discovery matters extended the case management and discovery deadlines, and shortly thereafter, a second attorney entered an appearance on plaintiff's behalf. This second attorney, however, withdrew in December 1998.

Plaintiff, now appearing *pro se*, was given additional extensions of the case management and discovery deadlines by the magistrate judge, based on plaintiff's assurances that entry of new counsel was imminent. On April 16, 1999, after no new counsel had made an appearance on plaintiff's behalf, the magistrate judge denied plaintiff's request for a further extension of the deadline for disclosure of plaintiff's expert witnesses and other case management deadlines. The magistrate judge noted in his order that plaintiff's complaint had been pending for two years; that he had extended the case management and discovery deadlines at plaintiff's request on three prior occasions; and that he had granted plaintiff four extensions of time to designate his expert witnesses and to produce expert reports in accordance with Fed. R. Civ. P. 26. The magistrate judge further noted that defendants had "complied with the Court's case management schedule, even

submitting expert reports without the benefit of [plaintiff's] expert reports."
R. Vol. III, Doc. 91, at 2. Plaintiff filed objections to the magistrate judge's order, which were denied by the district court.

On May 26, 1999, defendants moved for summary judgment, asserting that plaintiff lacked the necessary expert testimony to establish either his actual exposure to the KS16832L2 lubricant or the levels of exposure which is hazardous to human beings. *See Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999) (holding that, in order to carry the burden of proving an injury was caused by exposure to a specified substance, a plaintiff must demonstrate the level of exposure to the toxic substance that is hazardous to human beings, as well as the plaintiff's actual level of exposure to the substance). In response, plaintiff submitted a statement from one of his fellow employees stating that he observed plaintiff suffering from a burning sensation in his chest while cleaning and oiling equipment in the mid-1980's; a letter from a physician, Dr. George Schwartz, indicating there is a causal connection between exposure to oil mist and pulmonary problems; a statement from a chemist, James Lindsay, stating that KS16832L2 contains toxic chemicals; an excerpt from plaintiff's pretrial report listing his witnesses; excerpts of plaintiff's medical records; and an excerpt from the Code of Federal Regulations regarding toxic substances.

On June 28, 1999, the district court granted defendants's motion for summary judgment, finding that plaintiff had failed to submit any evidence that created a genuine issue establishing the requisite causation. The district court ruled that neither Dr. Schwartz's letter nor Mr. Lindsay's statement provided the factual basis for their stated opinions nor established that they were competent to testify as to the matters stated in their submissions; that the list of photocopied publications was insufficient to establish causation; and that "none of the *complete* excerpts suggest[ed] a tie" between pulmonary fibrosis and plaintiff's exposure to the KS16832L2 lubricant. R. Vol. III, Doc. 104 at 3-4.

DISCUSSION

Plaintiff argues that the magistrate judge erred in refusing to extend the time allowed for expert witness discovery. We review discovery rulings for an abuse of discretion. *See Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1386 (10th Cir. 1994). "[W]e will not reverse a decision to limit discovery absent a clear showing that the denial of discovery resulted in actual and substantial prejudice to the complaining litigant." *Davoll v. Webb*, 194 F.3d 1116, 1139 (10th Cir.1999) (quotations omitted; alteration in original). We conclude the magistrate judge's decision to deny further extensions of time was not an abuse of discretion. The magistrate judge granted plaintiff numerous extensions of time prior to his eventual order denying further extensions. Plaintiff has not

demonstrated that, given additional time, he would have been able to obtain the experts and the expert reports necessary to establish the requisite causation. Thus, he has not demonstrated that the denial of further extensions of time resulted in actual and substantial prejudice to him.

Plaintiff also challenges the district court's grant of summary judgment in favor of defendants. We review the grant of summary judgment *de novo*, applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c). *See United States v. Hess*, 194 F.3d 1164, 1170 (10th Cir. 1999). Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. *See UMLIC-Nine Corp. v. Lipan Springs Dev. Corp*., 168 F.3d 1173, 1176 (10th Cir. 1999); Fed. R. Civ. P. 56(c). Where the nonmoving party will bear the burden of proof at trial, that party must go beyond the pleadings and identify specific facts which demonstrate the existence of an issue to be tried by the jury. *See Mares v. ConAgra Poultry Co.*, 971 F.2d 492, 494 (10th Cir. 1992).

"Scientific knowledge of the harmful level of exposure to a chemical plus knowledge that plaintiff was exposed to such quantities are minimal facts necessary to sustain the plaintiff's burden in a toxic tort case." *Mitchell,* 165 F.3d at 781 (quotation omitted). "At a minimum, the expert testimony should include

a description of the method used to arrive at the level of exposure and scientific data supporting the determination. The expert's assurance that the methodology and supporting data is reliable will not suffice." *Id*. Here, we have carefully reviewed the materials submitted by the parties and the record on appeal, and we agree with the district court's determination that plaintiff's submitted materials, not in the form of affidavits, fell short of meeting this standard.

Plaintiff has submitted additional materials on appeal which are dated after the district court's order granting summary judgment. Because those materials were not presented to the district court when its ruling was made, we do not consider them. *See Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1549 n.1 (10th Cir. 1992). We AFFIRM the district court's grant of summary judgment in favor of defendants for substantially the same reasons stated in the district court's thorough order filed June 28, 1999. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge